PETERS, J.
In this workers’ compensation case, Ea-ston Credeur appeals the workers’ compensation judge’s denial of his request for additional medical treatment. We affirm that judgment and adopt as our own the workers’ compensation judge’s reasons, which we set forth as follows:
This matter came for trial on February 21, 2002. Several issues were presented, and a judgment was rendered on two issues by judgment signed February 25, 2002. On the remaining issue, the Workers’ Compensation Judge appointed an independent medical examiner to determine whether Mr. Credeur required any additional treatment arising from his 1994 work injury. The report of the independent medical examiner was received on June 12, 2002.
Mr. Credeur sustained a thoracic compression fracture that the employer accepted as work related in 1994. The weight of the medical evidence indicates that the fracture healed without incident. However, Dr. Morgan Lorio, Mr. Credeur’s treating orthopedic specialist, felt that there could be some discogenic component to Mr. Credeur’s complaints that may be related to the thoracic injury, and that further treatment, possibly including surgery, may be warranted. On the other hand, Dr. Gidman and Dr. Blanda both were of the opinion that Mr. Credeur had reached maximum medical improvement from any thoracic fracture within months from the time the fracture was identified. Based upon the conflicts in the medical opinions, Dr. Angela Mayeux was appointed by the court as an IME.
Dr. Mayeux’s report indicates no need for any further studies or diagnostic testing. Her opinion is that the thoracic compression fracture has long since healed and he is at maximum medical improvement from the fracture, and that he should have been returned to work at medium function within 6 months of his date of injury.
The weight of the evidence persuades the court that no further treatment relating to the work injury is necessary, and therefore Mr. Credeur’s claims in this respect will be dismissed.
We find no manifest error in the workers’ compensation judge’s factual findings regarding Mr. Credeur’s entitlement to *106 further medical treatment. Thus, we affirm the judgment and assess costs to Mr. Credeur.
AFFIRMED.